*251
 
 PeaRsoN, J.
 

 The relation of the parties, and the dependent condition of the feme plaintiff at the time she executed the deed to her father, gives her a right, upon well-settled principles of equity, to have the defendant converted into a trustee. But the deed passed the title, and Equity does not proceed upon the idea that it is void, but that the party procuring its execution, on the ground of fraud, either actual or constructive, shall be converted into a trustee. So this is a trust
 
 against the agreement
 
 of the parties, and he may avail himself of the statute of limitations.
 
 Taylor
 
 v. Dawson, ante, 86. ¥e are inclined to the opinion, that, as the same relation continued, and the feme plaintiff was dependent on her father up to the time of her marriage, on the same principle by which the defendant is converted into a trustee, Equity would restrain him, or rather,-not allow him the benefit of the statute of limitations during that time. Bat the marriage took place in October, 1853, and the bill is filed in February, 1857, more than three years.
 

 Upon her marriage, the feme plaintiff was no longer dependent on the defendant. It then - became her duty to put her husband in possession of all the facts, and if, by failing to do so, she has lost her right, it is her own fault. It is true, she says, her father exacted from her a solemn promise not to tell any one of the execution of the deed. This cannot excuse her in the eye of the law. It ought to have had the effect of exciting her vigilance, so that as soon as she was free from his control and had another protector, her rights could have been vindicated.
 

 It is said, up to the time of the marriage, her dependent condition prevents the bar of the statute, and after that she was under the disability of coverture, so that there was an accumulation of disabilities. This case is plainly distinguishable. Before her''marriage, there was no
 
 legal disability;
 
 her right of action had accrued; and although a court of Equity will
 
 not count
 
 that time against her, yet it does not fall under the principle of accumulation, where one legal disability follows another. Equity may aid her by not allowing
 
 *252
 
 her right to be barred in consequence of supposed laches while she was dependent. That is as far as it can go. It cannot declare that her right of action had not accrued prior to her marriage, or prevent the statute from taking its course as soon as the ground upon which it was induced to interfere, to wit, her state of dependence, no longer existed. The plaintiff Wheeler alleges, that in the fall of 1856, (the time is not stated, so that it does not appear whether the three years had then expired or not) the defendant, in answer to questions concerning the slaves, told him “ it was none of his business, as the slave belonged to him.” He also alleges, that some year or so after his marriage, he was told of the conveyance from Ilarriss to his wife. This ought to have excited his vigilance. It is his misfortune not to have commenced his suit in time.
 

 Upon the argument, exception was taken to the plea, because it is not supported by an answer. This is only required where the bill, by¿the way of charge, and in anticipation of the matter relied on in the plea, alleges some matter to avoid its effects. Here, in reference to the time after the marriage, to, which we confine ourselves, no such matter is alleged, and there'is nothing, giving to the plaintiffs the benefit of all their allegations, which avoids the force of the plea.
 
 Eaton
 
 v. Eaton, 8 Ire. Eq. Rep. 102.
 

 The plea is allowed; but the plaintiffs may, if so, advised*file a replication, and go, to a hearing on the question of its truth. Adams’ Equity, 342.
 

 Bek Cubiam,, Decree accordingly.